UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Derrick Bruce Smith,

Petitioner,

vs.                                                REPORT AND RECOMMENDATION

Warden Dwight L. Fondren,

Respondent.            Civ. No. 09-0764 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. § 636(b)(1)(B), upon the Petition of Derrick Bruce Smith for a Writ of Habeas

Corpus under Title 28 U.S.C. §2241.  For reasons which follow, we recommend that

the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of

jurisdiction, pursuant to Rule 4, The Rules Governing Section 2254 Cases In The

United States District Courts.[1]

---

[1]Rule 4 provides that, "[i]f  it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must
dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules
(continued...)

## II.  Factual and Procedural Background

In 2001, the Petitioner, who is a prisoner at the Federal Correctional Institution, in Sandstone, Minnesota, was indicted by a Federal Grand Jury in the United States District Court for the Western District of Missouri.  He was charged with possession with intent to distribute cocaine, and the distribution of cocaine, resulting in death. A Federal Court Jury later found the Petitioner guilty on both charges, and he was sentenced to 340 months in prison.

The Petitioner challenged his conviction, and sentence, by filing a direct appeal in the United States Court of Appeals for the Eighth Circuit.  However, the Court rejected all of the Petitioner's arguments, and affirmed his conviction and sentence. See, United States v. Smith, 66 Fed.Appx. 79, at 80-81 (8th Cir. 2003), cert. denied, 540 U.S. 959 (2003).

Based upon the information furnished in the Petitioner's current submissions, as well as our own independent research, it appears that the Petitioner never filed a

---

[1](...continued)
Governing Section 2254 Cases are directed at Petitions pursuant to Title 28 U.S.C. §2254, they may also be applied to Petitions brought under Title 28 U.S.C. §2241. See,  Rule 1(b); Mickelson v. United States,, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270 n.1, (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill. November 1, 1990).

Motion with the Trial Court pursuant to Title 28 U.S.C. §2255, or pursued any other

post-conviction avenues so as to challenge either his conviction, or sentence.[2]

The Petitioner now challenges the validity of his 340-month prison sentence.

He contends that his sentence should be set aside pursuant to a recent Amendment to

the United States Sentencing Guidelines (hereinafter "USSG" or "the Guidelines").

Specifically, the Petitioner asserts that Amendment 709, which became effective on

November 1, 2007, requires a reduction of his sentence.  See, USSG Supplement to

Appendix C --Amendment 709.

One of the Guidelines, which was modified by Amendment 709, is USSG

§4A1.2(c)(1), which pertains to how prior sentences for misdemeanors, and petty

offenses, affect a defendant's Criminal History Category.  Before the adoption of

Amendment 709, USSG §4A1.2(c)(1) directed that sentences for certain

misdemeanors, and petty offenses, be included in the computation of a defendant's

Criminal History Category -- but only if "(A) the sentence was a term of probation of

**at least** one year or a term of imprisonment of at least thirty days, or (B) the prior

---

[2]The current Petition includes a vague allusion to a Section 2255 Motion, see, Petitioner, Docket No. 1, at p. 2, but the Petitioner has not demonstrated that he actually filed such a Motion with the Trial Court.  In any event, the resolution of the present action is not directly affected by the presence, or absence, of any prior applications for post-conviction relief.

offense was similar to an instant offense." [Emphasis added]. Amendment 709 altered USSG §4A1.2(c)(1) so that sentences for the listed misdemeanors, and petty offenses, would only be counted for a defendant's Criminal History Category if the term of probation was for "**more than** one year."

The Petitioner contends that his Criminal History Category was adversely affected by sentences for two (2) prior misdemeanors, when he was sentenced in 2002. Since both of those sentences allegedly included a term of probation of exactly one year, the **pre**-Amendment 709 version of USSG §4A1.2(c)(1), was used to determine his Criminal History Category. See, Petition, supra at p. 18. The Petitioner argues that under the new **post**-Amendment 709 version of USSG §4A1.2(c)(1), the two (2) prior misdemeanor sentences would **not** be counted when determining his Criminal History Category. Thus, the Guidelines range for his offense would be reduced, and accordingly, he would have received a shorter sentence.

Despite the Petitioner's arguments to the contrary, we find that the Petitioner cannot raise the current challenge to his sentence in a Petition brought under Title 28 U.S.C. §2241, and therefore, his Petition should be dismissed.

III.  Discussion

A Federal prisoner may challenge the execution of his sentence, including its

interpretation, calculation, and enforcement, by filing a Habeas Corpus Petition under

Section 2241 in the District where he is incarcerated.  See, Nichols v. Symmes, 553

F.3d 647, 649 (8th Cir. 2009)("[A] claim attacking the execution of that sentence

should be brought in a § 2241 petition in the jurisdiction of incarceration."), citing Hill

v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003); United States v. Torres, 409 F.3d

1000, 1003 (8th Cir. 2005)(A Section 2241 Habeas Corpus Petition "must challenge

the execution of a sentence, not its legality[.]"), citing Matheny v. Morrison, 307 F.3d

709, 712 (8th Cir. 2002); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.

1986)("Generally, only matters concerning the conditions of confinement or the

execution of a sentence are within the subject matter jurisdiction of the court presiding

in the district in which a prisoner is incarcerated."), citing Lee v. United States, 501

F.2d 494, 500 (8th Cir. 1974) and United Stats v. Fraser, 688 F.2d 56, 58 (8th Cir.

1982); United States v. Knight, 638 F.2d 46, 47 (8th Cir. 1981).

As a general rule, a Federal prisoner can maintain a collateral challenge to his

or her conviction, or sentence, only by filing a Motion in the Trial Court pursuant to

Title 28 U.S.C. §2255.  See, Nichols v. Symmes, supra at 649 ("A claim attacking the

validity of a guilty plea, and therefore the underlying sentence, is properly entertained

in a §2255 petition before the sentencing court."), citing <u>Hill v. Morrison</u>, supra at

1091 ("It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under [Section]

2255[.]"); <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545

U.S. 1147 (2005).

However, Congress has prescribed a special remedy for a certain narrow class

of collateral challenges, which are based on amendments to the Sentencing

Guidelines. The remedy is provided by Title 18 U.S.C. §3582(c)(2), which provides

as follows:

> The court may not modify a term of imprisonment once it
> has been imposed except that --
>
> *     *     *
>
> (2)    in the case of a defendant who has been sentenced to
>        a term of imprisonment based on a sentencing range
>        that has subsequently been lowered by the
>        Sentencing Commission pursuant to 28 U.S.C.
>        994(o), upon motion of the defendant or the Director
>        of the Bureau of Prisons, or on its own motion, the
>        court may reduce the term of imprisonment, after
>        considering the factors set forth in section 3553(a) to
>        the extent that they are applicable, if such a reduction

> is consistent with applicable policy statements issued
> by the Sentencing Commission."

The remedy provided by Section 3582(c) is available to a prisoner -- such as the

Petitioner -- who believes that his sentence should be reduced because a post-

sentencing amendment has affected the Guideline range for his sentence.  See, United

States v. Byers 561 F.3d 825, 829 (8th Cir. 2009)("'A sentencing court has

discretionary authority, under 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10, to reduce

the term of imprisonment for a defendant * * * who was sentenced based on a

guideline range subsequently lowered by the Sentencing Commission.'"), quoting

United States v. Whiting, 522 F.3d 845, 852 (8th Cir.2008); United States v. Wyatt,

115 F.3d 606, 608 (8th Cir. 1997).

     Here, the Petitioner challenges the legal validity of the sentence imposed by the

Trial Court.  He does not contend that the Bureau of Prisons, or anyone else, has

misconstrued his sentence, has wrongly extended his sentence, or has otherwise erred

in the enforcement or execution of his sentence.  Instead, he argues that the original

sentence, which was imposed by the Trial Court, is not legally valid, and should be

modified.  However, as we have noted, such a challenge cannot be raised by way of

a Petition under Section 2241, but is more appropriately brought by a Motion filed

with the Trial Court pursuant to Section 3582(c).   See, <u>Ono v. Pontesso</u>, 1998 WL

757068 at *1 (9th Cir., October 26, 1998)(District Court lacked jurisdiction over

Federal prisoner's Section 2241 Habeas Petition, seeking reduced sentence based on

Guidelines amendment, as "[s]uch a request is most appropriately brought as a motion

under 18 U.S.C. §3582"); <u>Anderson v. United States</u>, 2008 WL 1836673 at *1-2 (E.D.

Tex., April 23, 2008)(Section 2241 Habeas Petition seeking relief based on

amendment to Sentencing Guidelines dismissed, because claims could not be

reviewed under Section 2241, but instead, should have been raised in a Section

3582(c) Motion in the Trial Court); <u>Thomas v. Hulick</u>, 2008 WL 4371300 at *3 (S.D.

Ill., September 19, 2008)(prisoner's claim based on amendment to Sentencing

Guidelines had to be raised in a Section 3582(c) Motion in the original criminal case,

not in a Section 2241 Habeas Corpus Petition); <u>White v. Sherrod</u>, 2008 WL at *2

(S.D. Ill., June 26, 2008)("The sentencing court * * * has jurisdiction to decide

whether Petitioner's sentence should be modified based on the retroactive amendment

to the guidelines" and, "[i]f Petitioner wishes to seek [such] relief, he should do so by

filing a proper §3582 motion," not a Section 2241 Habeas Petition); <u>Cloman v.</u>

<u>O'Brien</u>, 2008 WL 2345001 at *1 (W.D.Va., June 6, 2008)(prisoner's request for

sentence modification, based upon an Amendment to the Guidelines, could not be

granted in a Section 2241 Habeas Petition, but should have been presented to the Trial

Court in a Motion brought under Section 3582(c)).

Accordingly, if the Petitioner believes that his sentence should be reduced

pursuant to Amendment 709, he will have to seek relief in the Sentencing Court, by

bringing a Motion pursuant to Title 18 U.S.C. §3582(c).[3]  Therefore, we recommend

that this Petition be summarily dismissed for lack of jurisdiction.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C.

§2241 [Docket No. 1] be summarily dismissed.


Dated:  May 11, 2009                              *s/Raymond L. Erickson*
                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE

---

[3]The dismissal of this action for lack of jurisdiction does not bar the Petitioner from seeking relief in the Sentencing Court under Section 3582(c).  However, based on our limited research, it appears that Amendment 709 will **not** affect the Petitioner's sentence, because the Amendment is not retroactively applicable.  See, United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008), cert. denied --- U.S. ---, 129 S.Ct. 290 (2008); United States v. Rodriguez, 306 Fed.Appx. 147, 148 (5th Cir. 2009); United States v. Wilson, 2008 WL 544973 at *1 (D. Minn., February 26, 2008).

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 29, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 29, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.