UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DERRICK BRUCE SMITH, | Case No. 09-CV-0764 (PJS/RLE) |
| Petitioner, | |
| v. | ORDER |
| WARDEN DWIGHT L. FONDREN, | |
| Respondent. | |

Derrick Bruce Smith, pro se.

This matter is before the Court on the objection of petitioner Derrick Bruce Smith to the May 11, 2009 Report and Recommendation ("R&R") of Chief Magistrate Judge Raymond L. Erickson. Judge Erickson recommends dismissing Smith's habeas corpus petition for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has reviewed de novo those portions of the R&R to which Smith has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The Court overrules Smith's objection and adopts Judge Erickson's well-reasoned R&R.

As Judge Erickson explained, Smith seeks to be resentenced in light of Amendment 709 to the United States Sentencing Guidelines. R&R at 3 [Docket No. 3]; Obj. at 2 [Docket No. 9]. That amendment became effective on November 1, 2007. *See USSG Manual — Supp. to App. C* at 235-41. But Smith was sentenced in 2001. Challenges such as Smith's — that is, challenges to an earlier-imposed sentence based on a subsequent change to the Sentencing Guidelines — must be brought in the sentencing court under 18 U.S.C. § 3582(c). R&R at 8 (citing cases). This makes sense. Obviously, it should be the court that imposed a sentence that decides, in the

first instance, what impact an amendment to the Sentencing Guidelines should have on the court's sentence.

To justify bringing his claim as a petition under 28 U.S.C. § 2241, Smith characterizes it as a claim of actual innocence. As he puts it, he is "actually innocent of the 340-month sentence" imposed under the pre-Amendment 709 version of the Guidelines. Obj. at 4. But Smith cannot make his claim an actual-innocence claim just by calling it one.

Smith does not contend that he did not commit the crime for which he was sentenced. Nor does Smith contend that he could not have been given a 340-month sentence under the Guidelines as they existed at the time that he was sentenced. Smith's claim is therefore unlike the actual-innocence claim in *Jones v. Arkansas*, 929 F.2d 375, 380-81 (8th Cir. 1991), in which the Eighth Circuit held that a petitioner was entitled to habeas relief because he had been sentenced under a statute that did not apply to him, in violation of the ex post facto clause of the Constitution, U.S. Const. art. I, § 9, cl. 3; U.S. Const. art. I, § 10, cl. 1. Smith does not claim that, at the time he was sentenced, he was sentenced under a version of the Guidelines that did not apply *at that time*. To the contrary, Smith seeks the benefit of a *subsequent* change in the Sentencing Guidelines. Thus Smith brings precisely the type of claim for which 18 U.S.C. § 3582(c) is intended.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES Smith's objection [Docket No. 9] and ADOPTS Judge Erickson's Report and Recommendation [Docket No. 3].  Accordingly, IT IS HEREBY ORDERED THAT this case is DISMISSED FOR LACK OF JURISDICTION.

Dated:  July 20, 2009                  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge